# 24-CV-06215-SDW

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ATHENA KOSTOPOULOS,
                                     Appellant,

against

AMERICAN MORTGAGE INVESTMENT PARTNERS
MANAGEMENT, LLC, AS SERVICER FOR WILMINGTON
SAVINGS FUND SOCIETY FSB, AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT OPPORTUNITIES TRUST VI-A
                                     Appellees.

---

ON APPEAL FROM AN ORDER IN A BANKRUPTCY ACTION FROM
THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT
OF NEW JERSEY

---

REPLY BRIEF FOR THE APPELLANT

---

                                           JONES, WOLF & KAPASI, LLC
                                           Joseph K. Jones, Esq.
                                           jkj@legaljones.com
                                           375 Passaic Avenue, Suite 100
                                           Fairfield, New Jersey 07004
                                           (973) 227-5900 Telephone
                                           (973) 244-0019 Facsimile
                                           *Attorneys for Appellant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………... iii

STATEMENT OF THE CASE……………………………………………… 1

ARGUMENT…………………………………………………………………. 1

    I.  IN THEIR APPELLEES' BRIEF, APPELLEE-CREDITORS COMPLETELY IGNORE AND FAIL TO ADDRESS THE MERITS OF ANY OF THE FOLLOWING APPELLANT-DEBTOR'S ARGUMENTS ON APPEAL: THAT APPELLEE-CREDITORS FAILED TO DEMONSTRATE THAT THEY OWNED OR CONTROLLED THE UNDERLYING DEBT/MORTGAGE, AND THEREFORE, APPELLEE-CREDITORS LACKED STANDING TO COLLECT ON THEIR PROOF OF CLAIM RELATED TO APPELLANT-DEBTOR'S MORTGAGE; THAT EVEN IF APPELLEE-CREDITORS COULD DEMONSTRATE THAT THEY HAD BEEN ASSIGNED THE SUBJECT DEBT/MORTGAGE, THE NEW JERSEY MERGER DOCTRINE DICTATES THAT THE APPELLANT-DEBTOR'S MORTGAGE MERGED INTO THE JUNE 22, 2018 FINAL JUDGMENT OF FORECLOSURE, THE MORTGAGE CONTRACT WAS EXTINGUISHED AND THE APPELLEE-CREDITORS NEITHER OWN NOR CONTROL THE UNDERLYING DEBT/MORTGAGE; AND THAT THE APPELLANT-DEBTOR'S UNDERLYING MOTION TO EXPUNGE OR REDUCE APPELLEE-CREDITORS' CLAIM WAS NOT MOOTED BY THE DISMISSAL OF THE INSTANT BANKRUPTCY CASE…………………………………………….. 1

CONCLUSION………………………………………………………....... 8

# TABLE OF AUTHORITIES

**CASES** **PAGES**

*Beazer East, Inc. v Mead Corp.*, 412 F.3d 429 (3rd Cir. 2005)……………  6

*Dasso Int'l., Inc. v Moso N.Am. , Inc.,* 2023 U.S. Dist. LEXIS 145805 (USDC D.N.J. 2023)……………………………………………………  6

*Deutsche Bank Nat'l Trust Co. v Mitchell*, 422 N.J. Super. 214 (App. Div. 2011)……………………………………………………………  2

*Garmon v Cmty. Loan Servicing,* LLC, 2024 U.S. Dist. LEXIS 22153 (USDC D.N.J. 2024)…………………………………………………..  4

*Heine v Comm'r of the Dep't. of Cmty.* Affairs, 2017 U.S. Dist. LEXIS 167044 (USDC D.N.J. 2017)…………………………………………..  5

*In re Goione*, 595 B.R. 477 (USBC D.N.J. 2019)……………………………  4

*Knox v SEIU, Local 1000*, 567 U.S. 298 (2012)……………………………..  5

*In re Bestwall LLC*, 47 F.4th 233 (3erd Cir. 2022)……………………………  6

*In re Incident Aboard D/B Ocean King*, 758 F.2d 1063 (5th Cir. 1985)………  6

*Rothman v Friedman Vartoco, LLP*, 2024 Bankr. LEXIS 423 (USDC D.N.J. 2024)……………………………………………………….  7

*Wilmington Trust, N.A. v 24 Commerce St.* LLC, 2023 U.S. Dist. LEXIS 43472 (USDC D.N.J. 2023)……………………………………….  2

**STATUTES & REGULATIONS**

28 U.S.C. §1334(c)……………………………………………………………  7

28 U.S.C. §1334(c)(1)………………………………………………………...  7

## STATEMENT OF THE CASE

Rather than belabor the Court with another factual statement in this case, appellant Athena Kostopoulos respectfully refers the Court to her detailed Statement of the Case as set forth in her Appellant's Brief.

## ARGUMENT

I. IN THEIR APPELLEES' BRIEF, APPELLEE-CREDITORS COMPLETELY IGNORE AND FAIL TO ADDRESS THE MERITS OF ANY OF THE FOLLOWING APPELLANT-DEBTOR'S ARGUMENTS ON APPEAL: THAT APPELLEE-CREDITORS FAILED TO DEMONSTRATE THAT THEY OWNED OR CONTROLLED THE UNDERLYING DEBT/MORTGAGE, AND THEREFORE, APPELLEE-CREDITORS LACKED STANDING TO COLLECT ON THEIR PROOF OF CLAIM RELATED TO APPELLANT-DEBTOR'S MORTGAGE; THAT EVEN IF APPELLEE-CREDITORS COULD DEMONSTRATE THAT THEY HAD BEEN ASSIGNED THE SUBJECT DEBT/MORTGAGE, THE NEW JERSEY MERGER DOCTRINE DICTATES THAT THE APPELLANT-DEBTOR'S MORTGAGE MERGED INTO THE JUNE 22, 2018 FINAL JUDGMENT OF FORECLOSURE, THE MORTGAGE CONTRACT WAS EXTINGUISHED AND THEIR APPELLEE-CREDITORS NEITHER OWN NOR CONTROL THE UNDERLYING DEBT/MORTGAGE; AND THAT THE APPELLANT-DEBTOR'S UNDERLYING MOTION TO EXPUNGE OR REDUCE APPELLEE-CREDITORS' CLAIM WAS NOT MOOTED BY THE DISMISSAL OF THE INSTANT BANKRUPTCY CASE

In her appellant's brief, Athena Kostopoulos made clear both the law on standing to proceed with a mortgage foreclosure action in the State of New Jersey " 'As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt' (citations omitted). And '[i]t is well established in

1

New Jersey that either possession of the note or an assignment of the mortgage that predated the original complaint confers standing on a party' (citations omitted)" (*Wilmington Trust, N.A. v 24 Commerce St. LLC*, 2023 U.S. Dist LEXIS 43472 [USDC D.N.J. 2023]). " ' In the absence of a showing of such ownership or control, the plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed' (citation omitted)" (*Deutsche Bank Nat'l Trust Co. v Mitchell*, 422 N.J. Super. 214, 222 [App. Div. 2011]) (Appellant's Brief, p.13) – and the facts in this case which demonstrate that the appellee-creditors do not own or control the appellant's debt/mortgage and therefore they did not have standing to collect on its proof of claim filed in Bankruptcy Court (*i.e.,* there was confusion and uncertainty surrounding the numerous assignments of the appellant-debtor's mortgage [*see* Appellant's Brief, Pp.3-6]; appellee-creditors failed to attach any documentation to its proof of claim to demonstrate that either the mortgage had been transferred to them or that they owned or controlled the mortgage [*see* Appellaqnt's Brief, p.7]; since the appellee-creditors were not assigned the mortgage in this case, since they failed to demonstrate that they owned or controlled the underlying debt/mortgage, appellee-creditors lack standing to pursue a claim in Bankruptcy Court and collect the proceeds from the sale of appellant-debtor's property [*see* Appellant's Brief, Pp.11-12]).

2

Despite filing a twenty (20) page Appellee's Brief, appellee-creditors never once responded to appellant-debtor's arguments that they were not assigned the mortgage in this case, that they failed to demonstrate that they owned or controlled the underlying debt/mortgage or that they lacked standing to pursue their proof of claim, which sought over $1.3 million dollars, that they had filed in Bankruptcy Court in this matter. The appellee-creditors' Statement of the Case in its appellee's brief raises more questions than it does provide answers surrounding the confusion and uncertainty about the numerous assignments of the appellant's mortgage in this matter (*see* Appellees' Brief, Pp.3-4 – "As reflected in the gap assignment filed on February 25, 2022, Wilmington Trust assigned the mortgage to Citimortgage;" "Nationstar assigned by the mortgage to Wilmington Trust, as reflected in the gap assignment dated February 25, 2022, and a corrective assignment dated January 5, 2023;" "Nationstar assigned the mortgage to Wilmington Trust as reflected in the gap assignment dated November 29, 2022"). Although appellee-creditors do state that they were assigned the subject mortgage on February 15, 2023 (*see* Appellees' Brief, p.4), it is quite telling that appellee-creditors point to no documentation in the Record to support their "assignment" contentions (*see* Appellee's Brief, Pp.3-4). This cannot be explained away as a mere oversight because a review of appellee-creditors' entire Statement of the Case from page 3 to page 11, indicates that appellee-creditors cite to the Record on every single page therein, except for

the bottom of page 3 to the middle of page 4 – where there are no citations to the Record in support of appellee-creditors' assignment of the mortgage claims.

Appellee-creditors have also completely ignored appellant Kostopoulos' argument that even if the appellee-creditors could somehow demonstrate that they had been assigned appellant Kostopoulos' mortgage on February 15, 2023, said mortgage no longer existed after June 22, 2018, the date that Nationstar Mortgage, LLC ("Nationstar") was awarded a final judgment of foreclosure in state court on said mortgage for $1,063,755.67, plus interest. Pursuant to the New Jersey merger doctrine, the appellant-debtor's mortgage merged into the final judgment of foreclosure, the mortgage contract was extinguished and all contractual rights under the mortgage were merged into the foreclosure judgment (*see Garmon v Cmty Loan Servicing, LLC*, 2024 U.S. Dist. LEXIS 22153 [USDC D.N.J. 2024]; *In re Goione*, 595 B.R. 477, 483 [USBC D.N.J. 2019]). " ' Thereafter, a mortgage can no longer served as a basis for determining the obligations of the parties. Instead, litigants must look to the judgment' (citation omitted)" (*Garmon v Cmty Loan Servicing, LLC, supra*). With no mortgage, and with no contractual rights under the mortgage, as of June 22, 2018, appellee-creditor, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A ("Wilmington Savings") did not own or control the mortgage, regardless of whether it had a purported assignment of the mortgage on February 15, 2023.

Rather, Wilmington Savings had to look to the final judgment of foreclosure to determine the obligations of the parties, and given that Wilmington Savings does not demonstrate, let alone even allege, that the final judgment of foreclosure was assigned to it by Nationstar, Wilmington Savings lacked standing to collect on its proof of claim based on the mortgage for $1,347,420.15, which claim was filed in Bankruptcy Court in connection with appellant Kostopoulos' bankruptcy case.

There is clearly of question of lack of standing in this case. Immediately following the bankruptcy dismissal which formulates the center of this appeal, the same law-firm, Friedman and Vartolo, initiated through a Pluries Writ of Execution, an attempt to commence a sheriff sale of real property on behalf of a *different party*, Nationstar Mortgage LLC, also claiming to be entitled to collect on the proceeds of the same mortgage in the State Court.

Appellee-creditors have further completely ignored, and failed to address in any way, appellant Kostopoulos' argument on appeal that the Bankruptcy Court incorrectly determined that her motion to expunge or reduce Wilmington Savings' proof of claim was mooted by the dismissal of her bankruptcy case. Appellant Kostopoulos noted that in order for a claim to be moot, it had to be impossible for a court to grant any effective relief (*see Heine v Comm'r of the Dept. of Cmty. Affairs*, 2017 U.S. Dist. LEXIS 167044 [USDC D.N.J. 2017]). It certainly would not have been impossible for the Bankruptcy Court to grant appellant Kostopoulos'

motion, which sought, in the alternative, to reduce Wilmington Savings' proof of claim by $250,164.56, based upon the detailed analysis set forth in her moving papers filed in Bankruptcy Court. Since appellant Kostopoulos still had a concrete monetary interest in the outcome of the bankruptcy proceeding, her bankruptcy case did not moot her motion to expunge or reduce (*see Knox v SEIU, Local 1000*, 567 U.S. 298, 307-308 [2012]). The Bankruptcy Court could have, and should have, reviewed appellant-debtor's moving papers, as well as appellee-creditors' supplemental response in which they sought $79,182.37 less than the amount originally sought in their proof of claim, and decided how much of a reduction of the claim appellant Kostopoulos was entitled to receive, in light of the fact that her reduction claim was not moot.

Not once in appellee-creditors' twenty (20) page Appellee's Brief do the appellee-creditors discuss, or even address, any of the facts or law cited above in support of appellant Kostopoulos' arguments on appeal from the May 7, 2024 Bankruptcy Court order that dismissed her bankruptcy case. As such, appellee-creditors' waive, as a practical matter, any objections to the specific points raised by appellant-debtor Kostopoulos (*see Beazer East, Inc. v Mead Corp.*, 412 F.3d 429, 437, n.11 [3rd Cir. 2005]; *see also Dasso Int'l, Inc. v Moso N. Am., Inc.*, 2023 U.S. Dist. LEXIS 145805 [USDC D.De. 2023]). Moreover, appellee-creditors' failure to address appellant's arguments here operates as a concession that

6

appellant's assertions on appeal are true (*see In re Bestwall LLC*, 47 F.4th 233, 244 [3rd Cir. 2022] [citing with approval the Fifth Circuit's finding, in *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071, n.9 (5th Cir. 1985), that a court may treat the failure of an appellee to respond to an appellant's arguments as a concession that the assertions are true]).

Lastly, it should be noted that appellee-creditors make one argument that is related to the issue of standing when it contended that the Bankruptcy Court "properly abstained from considering the debtor's standing challenge," and correctly decided to leave the matter to the state courts because "the Bankruptcy Court was not the right forum for deciding this inherently state court issue" (Appellee's Brief, Pp.18-19). First of all, the Bankruptcy Court never mentioned permissive abstention and it did not abstain from anything here. Rather, the Bankruptcy Court dismissed the appellant's Bankruptcy Court case, and then ruled said dismissal mooted appellant's motion to expunge or reduce the proof of claim filed by Wilmington Savings. Secondly, 28 U.S.C. §1334(c)(1), cited by appellee-creditors, specifically states that a District Court is not prevented from "abstaining from hearing a particular proceeding." As such, 28 U.S.C. §1334(c)(1) applies only to abstaining from proceedings, and does not apply to what appellee-creditors are arguing - a District Court abstaining from hearing an issue (*see Rothman v Friedman,* Vartolo, *LLP*, 2024 Bankr. LEXIS 423 [USBC D.N.J. 2024]

["permissive abstention is governed by 28 U.S.C. §1334(c) which provides that a bankruptcy court may abstain from hearing an adversary proceeding . . ."]). Lastly, and contrary to appellee-creditors' argument "that the state court is [a] better forum to litigate these issues," the only related state court proceeding that is currently pending involves a motion by appellant Athena Kostopoulos and her husband Thomas Kostopoulos to vacate or stay a pluries writ of execution filed by the same law firm, Friedman and Vartolo on behalf of Nationstar, and to vacate or stay the sheriff's sale of defendants' property. The state court is not a better forum to litigate the issue of standing because an action involving an application to vacate or stay a writ of execution and the sale of property does not involve any issues or arguments concerning standing. Appellee-creditors are not even parties to the state court action, and the only forum where standing is an issue for appellees-creditors is Bankruptcy Court.

## CONCLUSION

Appellant-debtor Athena Kostopoulos respectfully requests that this Court reverse the May 7, 2024 Order of the Bankruptcy Court, reinstate her bankruptcy case and grant her motion to expunge, or alternatively, reduce the December 15, 2022 proof of claim filed by the appellee-creditors in the bankruptcy proceeding for the reasons stated herein.

Dated: August 25, 2024

Respectfully submitted,

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*Attorneys for Appellant*

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation
Typeface Requirements, and Type-Style Requirements

1.   This brief complies with the type-volume limitation of Rule 8015(a)(7)(B)(i) because this brief contains 1,909 words.

2.   This brief complies with the typeface requirements of Rule 8015(a)(5)(A) because this brief has been prepared in a proportionally spaced typeface using WORD in Times New Roman 14.

Dated: August 25, 2024

               */s/ Joseph K. Jones*
               Joseph K. Jones, Esq.

## CERTIFICATE OF BAR MEMBERSHIP

The undersigned hereby certifies that Joseph K. Jones, Esq., is a member in good standing of the bar of the United States District Court for the District of New Jersey.

               */s/ Joseph K. Jones*
               Joseph K. Jones, Esq.

Dated: August 25, 2024