<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATHENA KOSTOPOULOS, <br><br>       Appellant, <br><br> v. <br><br> WILMINGTON SAVINGS FUND SOCIETY FSB, <br><br>       Appellee. | Case No. 24-cv-06215 (SDW) <br><br> **OPINION** <br><br> January 29, 2025 |

**WIGENTON**, District Judge.

Before this Court is Appellant Athena Kostopoulos's ("Appellant") Appeal of the Bankruptcy Court's May 7, 2024 Order (the "Order"), (*see* D.E. 1). Jurisdiction is proper pursuant to 28 U.S.C § 158(a)(1). The appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons discussed below, this Court **AFFIRMS** the Bankruptcy Court's Order.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Given the extensive factual history, this Court provides only a condensed version of the facts necessary to decide the present appeal. This appeal arises from a lengthy and contentious foreclosure action involving the property located at 155 Summit Drive, Paramus, New Jersey (the "Property"). On September 16, 2003, Appellant and Thomas Kostopoulos ("Co-Debtor") executed a promissory note in favor of Lehman Brothers Bank, FSB in the amount of $564,000. (Record on Appeal ("ROA"), Doc. 115 at 12–18.) The loan was secured by a mortgage on the Property, recorded in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") as

1

nominee for Lehman Brothers Bank. (ROA, Doc. 115 at 12–37.) Over the years, the mortgage was assigned multiple times to various entities, including Citimortgage, Inc., Wilmington Trust Company, Nationstar Mortgage LLC, U.S. Bank National Association, and ultimately to Wilmington Savings Fund Society, FSB, as Trustee for the Residential Credit Opportunities Trust VI-A ("Secured Creditor"). (ROA, Doc 115 at 38–43.)

On January 20, 2015, a foreclosure action was initiated in the Superior Court of New Jersey. (ROA, Doc. 115 at 54.) Appellant and Co-Debtor filed an answer and crossclaims. (ROA, Doc. 115 at 229.) The answer was stricken and summary judgment was granted to the Secured Creditor's predecessor in interest on or about December 10, 2015. (ROA, Doc. 115 at 65–69.) Despite Appellant's objections, final judgment was entered on June 22, 2018 in the amount of $1,063,755.67. (ROA, Doc. 93-1 at Exhibit A.) Subsequent motions to vacate the judgment were denied, and appeals were unsuccessful. (ROA, Doc. 115 at 74–81; 83–96.)

On February 7, 2020, Appellant filed a Chapter 11 bankruptcy petition, temporarily halting a sheriff's sale that had been scheduled. *See In re Kostopoulos*, No. 20-bk-12080-VFP. However, the petition was dismissed on October 28, 2020, with a one-year bar on refiling on the basis of Debtor making representations of securing financing, including a $500,000 loan from family, to cure the default, but no proof of funds or plan materialized. (ROA, Doc. 115 at 129–133.) Appellant then filed a second bankruptcy petition under Chapter 13 on October 13, 2022. (ROA, Doc 115 at 188–197.) Multiple Chapter 13 plans were proposed and denied, each contingent on a sale, refinance, or loan modification for the Property. (ROA, Doc. 115 at 189–221; Doc. 111 at 141–145.)

Parallel to the bankruptcy proceedings, Appellant continued to litigate in state court. Motions to stay the sheriff's sale were granted on several occasions, delaying the sale from January

2019 to October 2022.[1] Appellant filed additional appeals and motions to reconsider, all of which were denied, including an emergent motion to the Appellate Division in September 2022. (ROA, Doc. 115 at 168–174.) On October 19, 2023, a consent order was entered allowing Appellant's pending state court appeal to proceed. (ROA, Doc. 115 at 214–215.) On October 24, 2023, the New Jersey Appellate Division affirmed the final judgment of foreclosure. (ROA, Doc. 115 at 226–255.) Appellant then sought certification from the New Jersey Supreme Court, which was denied on June 26, 2024.

Appellant now appeals the denial of confirmation of her second modified Chapter 13 plan and the Bankruptcy Court's dismissal of the proceeding with prejudice on May 2, 2024. Appellant also appeals the decision of the Bankruptcy Court denying as moot a pending motion to reduce and expunge claims (the "Motion to Reduce Claims"). (ROA, Doc. 93.)

II.     **LEGAL STANDARD**

This Court "reviews the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof." *Stonington Partners, Inc. v. Lernout & Hauspie Speech Prod. N.V.*, 310 F.3d 118, 121 (3d Cir. 2002) (quoting *In re Pro. Ins. Mgmt.*, 285 F.3d 268, 282–83 (3d Cir. 2002)). A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *Stonington Partners, Inc.*, 310 F.3d at 122 (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d. Cir. 1999)).

---

[1] The sheriff's sale has been postponed many times since, and is now stayed indefinitely as a result of the filing of a new bankruptcy action by Co-Debtor. *See* D.E. 15; *In re Thomas Kostopoulos*, Bk. No. 24-22027-JKS.

3

### III. DISCUSSION

**1. Dismissal with Prejudice**

The Bankruptcy Court dismissed Appellant's bankruptcy case with prejudice pursuant to 11 U.S.C. § 1307(c). Specifically, the Bankruptcy Court found that dismissal with prejudice was appropriate under both 11 U.S.C. §§ 1307(c)(1) and (c)(5). *See* May 2, 2024 Transcript ("Tr.") at 19–20. Section 1307 permits courts to dismiss a case for cause, with subsection (c)(1) authorizing dismissal for unreasonable delay and subsection (c)(5) authorizing dismissal for denial of confirmation of a plan and denial of a request for additional time to file a new or modified plan. 11 U.S.C. §§ 1307(c)(1); (c)(5).

This Court adopts the Bankruptcy Court's factual findings in their entirety, as the Bankruptcy Court set forth an extremely thorough and clear record of its reasoning for dismissing the case. During the proceeding in which he explained his decision to dismiss the case with prejudice, the Hon. Vincent F. Papalia, J.B.C., went through the extensive history of the case, supplementing his careful reasoning with case citations on the record that supported his decision. *See* Tr. at 16–20. As the Bankruptcy Court found, the proposed plan would have had the Property sold, or the loan refinanced or modified, by March 31, 2024. *Id.* at 2. That had not happened at the time of the hearing in which the Bankruptcy Court issued its Order on May 2, 2024. Appellant had been instructed by the Bankruptcy Court in January 2024 to show progress in bringing the case to a resolution but, no progress was made. Specifically, the relevant plan was infeasible on its face insofar as the deadline had passed without the Property sold or the loan refinanced or modified. Appellant's counsel admitted as such. *See* Tr. at 3:6–13 ("THE COURT: So how is this a feasible plan? MR. LEVITT: Your Honor, I was prepared to start out by saying the plan

4

that's currently before the Court is not feasible. Your Honor is 100 percent correct. There hasn't been any of that action as of not only March 31st but today. The plan isn't feasible, and I'm not prepared to go forward with that plan today.")  This fact standing alone supports the Bankruptcy Court's decision to dismiss the case with prejudice under 11 U.S.C. § 1307(c)(5).  And this Court finds nothing in the record to justify reversal of the Bankruptcy Court's determination that there was unreasonable delay on Appellant's part, supporting a dismissal under 11 U.S.C. § 1307(c)(1) as well.  The Bankruptcy Court also conducted a detailed analysis of factors which suggested bad faith on the part of Appellant and concluded that the record in the case "amply demonstrates that the real intention and goal of the debtor is to avoid paying this foreclosure judgment as long as is possible and to continue to litigate and delay and cause additional expense for what is now coming to the close of a second decade." Tr. at 12:8–12.

It is uncontroverted that the Bankruptcy Court maintains "considerable discretion in determining whether 'cause' exists and whether dismissal is the appropriate remedy." *In re Orawsky*, 387 B.R. 128, 137 and n. 15 (Bankr. E.D. Pa. 2008) (citing cases).  Taking the record and transcript as a whole, this Court is left with the firm belief that the Bankruptcy Court did not err in coming to its factual conclusions and properly exercised its broad discretion in dismissing the case with prejudice under multiple theories.  Accordingly, this Court will not disturb the dismissal with prejudice pursuant to 11 U.S.C. § 1307(c).

    **2. Motion to Reduce Claims**

Appellant contends that the Bankruptcy Court erred by denying as moot her Motion to Reduce Claims stemming from the dismissal with prejudice.  Indeed, nearly the entirety of Appellant's brief focuses on issues related to Appellee's standing, or alleged lack thereof, that

relate to the Motion to Reduce Claims.[2]  Appellee argues that the Bankruptcy Court properly abstained from considering the standing challenge based on the doctrine of permissive abstention. Upon reviewing the transcript of the proceedings in front of the Bankruptcy Court, this Court does not interpret Judge Papalia as having exercised the doctrine of permissive abstention, as permissive abstention relates to a proceeding as a whole and not to a particular motion that may be in front of the Bankruptcy Court.  Additionally, 28 U.S.C. § 1334(c)(1) expressly references Chapter 11 proceedings, not Chapter 13 proceedings. *See* 28 U.S.C. § 1334(c)(1) ("nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."; *see also In re Essar Steel Minnesota, LLC*, 47 F. 4th 193, 202 n.8 (3d Cir. 2022).

Rather, the Bankruptcy Court here mooted the Motion to Reduce Claims as part of the dismissal with prejudice.  When a bankruptcy case is dismissed with prejudice, the dismissal operates as a final resolution of the proceeding.  In this instance, the pending motion was, naturally, integrally related to the bankruptcy proceeding.  With the dismissal of the bankruptcy case, there was no longer any procedural or substantive basis for the Bankruptcy Court to evaluate the Motion to Reduce Claims.  This fact, combined with the Bankruptcy Court's determination that the issue has been litigated in state court and is better suited for consideration in state court, leads to this Court's conclusion that the denial of the Motion to Reduce Claims as moot was proper and within the Bankruptcy Court's sound discretion.

---

[2] This Court acknowledges that it has also reviewed and considered Appellant's January 27, 2025 filing stylized as "New Supplemental Information for the Appellant," which continues to argue points related to Appellee's standing. (D.E. 16.)  Despite Appellee having not had an opportunity to respond to this supplemental filing, it would not have altered the decision reached here.

### IV. CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the Bankruptcy Court's May 7, 2024 Order in its entirety. An Order consistent with this Opinion follows.

_s/ Susan D. Wigenton_
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Parties